**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| PHILLIP CHILDERS,<br><br>Plaintiff,<br><br>v.<br><br>RESOLVE FIRST FINANCIAL, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:26-cv-10826<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, PHILLIP CHILDERS ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of RESOLVE FIRST FINANCIAL, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, as well as for Invasion of Privacy ("IOP"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is an individual over 18 years-of-age, and a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant specializes in "comprehensive debt recovery solutions across all industries."[1] Defendant is a third-party debt collector organized under the laws of the state of Georgia, with its principal place of business located at 1500 Klondike Road, Suite A204, Conyers Georgia 30094. Defendant collects upon consumers nationwide, including those residing within the state of Michigan.

---

[1] https://resolvefirstfinancial.com/.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a consumer debt that Plaintiff allegedly defaulted on (the "subject debt").

10. Upon information and belief, after the subject debt was allegedly in default, it was assigned to Defendant for collection purposes.

11. For the last few months, Plaintiff has been receiving calls to his cellular phone, (248) XXX-4381, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4381. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (906) 631-9823 and (517) 258-8462.

14. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

15. Upon answering Defendant’s phone calls, Plaintiff has often been greeted by an artificial and/or pre-recorded voice message before being connected with a live representative.

16. Upon being connected with a live representative, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Defendant has also told Plaintiff that it uses an automated system to call him.

18. On other occasions, Defendant has left pre-recorded voice messages on Plaintiff’s cellular phone.

19. In February of 2026, Plaintiff requested that Defendant stop calling him.

20. Plaintiff has even reiterated such requests during subsequent calls, including in March 2026, but in spite of this explicit information, Defendant has placed over one dozen phone calls to Plaintiff’s cellular phone through the present day.

21. Seeing no end to Defendant’s harassing conduct, Plaintiff was forced to retain counsel, and his damages therefore include reasonable attorneys’ fees incurred in prosecuting this action.

22. Plaintiff has been unfairly treated and harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant’s actions, including but not limited to: loss of sleep, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of his telephone services, and diminished cellular phone capacity and functionality.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of the FDCPA, §1692c(a)(1) and d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. In addition, this section enumerates specific violations, such as:

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

30. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

31. Defendant violated §§ 1692c(a)(1), d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant to stop calling him. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no

further collection calls regarding the subject debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject debt.

32. Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of his demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

**ii. Violations of FDCPA, § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Even though Plaintiff notified

Defendant to stop calling, Defendant blatantly ignored Plaintiff's assertions and deceptively continued to place systematic calls and texts to his cellular phone.

**iii. Violations of FDCPA, § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told to stop calling. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled in paragraphs 21 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHILLIP CHILDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II- VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ***or*** an artificial ***or*** pre-recorded messages without their consent (emphasis added).

41. Defendant employed a pre-recorded and/or artificial voice when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was subjected to an artificial or pre-recorded voice prompting him to hold before he was connected with a live representative. Defendant also left pre-recorded voice messages on Plaintiff's cellular phone.

42. Defendant violated the TCPA by placing over one dozen phone calls to Plaintiff's cellular phone using a pre-recorded and/or artificial voice without his consent. Any consent that Plaintiff *may* have given by virtue of incurring the subject debt, was specifically revoked by Plaintiff's demands that Defendant cease contacting him.

43. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated calls to Plaintiff's cellular phone.

45. As pled in paragraphs 21 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHILLIP CHILDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

48. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

49. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

**a. Violations of M.C.L. § 339.915(f)(ii)**

50. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

51. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone after being informed to stop calling. Through its conduct,

Defendant misrepresented that it had the legal ability to systematically contact Plaintiff even though Plaintiff explicitly told Defendant to stop calling. Any lawful ability Defendant may have had to place the calls at issue was explicitly extinguished after Plaintiff demanded that it cease calling his cellular phone.

**b. Violations of M.C.L. § 339.915(n)**

52. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

53. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff over one dozen times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

54. Further, Plaintiff told Defendant that its calls to his cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

55. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

56. As pled in paragraphs 21 through 23, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHILLIP CHILDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV- INVASION OF PRIVACY-INTRUSION UPON SECLUSION

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated phone calls to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

59. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted his overall focus, and continually frustrated and annoyed Plaintiff to the point where he was denied the ability to quietly live his life, instead having it upended by Defendant's harassing phone call campaign.

60. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in his home and/or any other location in which he would have normally brought his cellular phone.

61. By continuing to call Plaintiff in an attempt to coerce him into making payment, all while having knowledge that Plaintiff did not wish to receive any

further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

62. As pled in paragraphs 21 through 23, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHILLIP CHILDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 11th day of March 2026.

Respectfully Submitted,

/s/ *Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorney for Plaintiff, Phillip Childers*